NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEATHER BUCKLEY, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 12-7069 (SRC) |
| v. : | |
| : | |
| ROSETTA AND JEREMY KINDER, : | **OPINION & ORDER** |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Rosetta and Jeremy Kinder ("Defendants"). Plaintiff Heather Buckley has cross-moved to amend the Complaint. For the reasons stated below, the motion to dismiss will be granted, and the cross-motion to amend will be granted.

Defendants move to dismiss one claim in the Complaint, Count One, for violation of the Fair Labor Standards Act ("FLSA"). Defendants argue that Count One does not plead sufficient facts to meet the pleading requirements of Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In opposition, Plaintiff does not disagree, but cross-moves for leave to amend the Complaint to plead additional facts. In reply, Defendants oppose the cross-motion on the ground that amendment is futile, arguing that the proposed Amended Complaint still fails to state a valid claim for relief under the FLSA.

Defendants argue that Plaintiff's proposed amended FLSA claim must fail because

Plaintiff falls within two FLSA exemptions, the creative professional exemption (29 C.F.R. § 541.302) and the administrative exemption (29 C.F.R. § 541.201).  This argument must fail at this juncture because Defendants here assert an affirmative defense and, as such, they bear the burden of proof.  Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010) ("Exemptions from the FLSA are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption.")  Plaintiff is under no legal obligation to plead any aspect of Defendants' affirmative defenses.  The Supreme Court has distinguished between pleading requirements, which a plaintiff must satisfy, and affirmative defenses, which a defendant must plead and prove.  See, e.g., Jones v. Bock, 549 U.S. 199, 204 (2007).

The Third Circuit has held: "On a Rule 12(b)(6) motion, an affirmative defense . . . is appropriately considered only if it presents *an insuperable barrier* to recovery by the plaintiff." Flight Sys. v. Electronic Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997) (italics added).  Such a defect must appear on the face of the pleading.  Id.  It is not evident from the face of the proposed Amended Complaint that the creative professional exemption and the administrative exemption present insuperable barriers to any recovery by Plaintiff under the FLSA.  To the contrary, what is clear is only that the inquiry into who is a creative professional, within the meaning of the regulation, is a fact-intensive inquiry:

> The duties of employees vary widely, and exemption as a creative professional depends on the extent of the invention, imagination, originality or talent exercised by the employee.  Determination of exempt creative professional status, therefore, must be made on a case-by-case basis.

29 C.F.R. § 541.302(c).  This Court cannot at this juncture determine from the face of the

proposed Amended Complaint that Plaintiff falls within the scope of either exemption.[1]  As such, this Court cannot conclude that these affirmative defenses present an insuperable barrier to recovery by Plaintiff.  Amendment is not futile.  The motion for leave to amend will be granted, and the proposed Amended Complaint shall be filed.

For these reasons,

**IT IS** on this 6th day of March, 2013

**ORDERED** that Defendants' motion to dismiss Count One of the Complaint for failure to state a valid claim for relief (Docket Entry No. 9) is **GRANTED**, and Count One of the Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's cross-motion for leave to amend the Complaint (Docket Entry No. 13) is **GRANTED**, and the Clerk of the Court is directed to file the proposed Amended Complaint (Docket Entry No. 13-5.)

          s/Stanley R. Chesler
          STANLEY R. CHESLER, U.S.D.J.

---

[1] Furthermore, since, under Third Circuit law, the exemption must be narrowly construed against the employer, this in itself makes it less likely that the exemptions form an insuperable barrier to recovery.